UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELIA GRANADOS,

                              Plaintiff,

                  -against-

ELIZABETH GALVIN, et al.,

                              Defendants.

1:24-CV-6932 (LTS)

ORDER DIRECTING PAYMENT OF
FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

This action was transferred to this court from the United States District Court for the

Northern District of New York; the transferor court deferred to this court as to whether to grant

Plaintiff Delia Granados, who is the sole plaintiff, *in forma pauperis* ("IFP") status. (ECF 6.)

Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must

either pay $405 in fees – a $350 filing fee plus a $55 administrative fee – or, to request

authorization to proceed without prepayment of fees, submit a completed and signed IFP

application. *See* 28 U.S.C. §§ 1914, 1915.

"The ability to proceed IFP is a privilege provided for the benefit of indigent persons."

*Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation

omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to

ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The

Court must dismiss an action in which a person applies to proceed IFP if their "allegation of

poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of

preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their

net worth in order to obtain [IFP] status when they are not entitled to that status based on their

true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012)

(summary order) (internal quotation marks and citation omitted, first alteration in original). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

Plaintiff filed an IFP application along with her complaint when she originally commenced this action in the United States District Court for the Northern District of New York. (ECF 2.) In that application, Plaintiff alleges that she is unemployed and that, in the past 12 months, she has received money from the following sources: (1) a business, profession, or other self employment; (2) rent payments, interest, or dividends; (3) pensions, annuities, or life insurance payments; (4) disability or workers compensation benefits; (5) gifts or inheritances; and (6) other unspecified sources. (ECF 2, at 1-4.) Plaintiff does not, however, as the form application requires, reveal the specific sources of that money, the amount of money she has received from each source, and whether and the amount she will expect to receive from any of those sources in the future. (*Id.*) In addition, Plaintiff states that, at present, she has no money in a bank account, and owns no other assets. (*Id.* at 2, 4.) In light Plaintiff's failure to provide the abovementioned information as to her sources of income for the past 12 months, which appears to be inconsistent with her claim that, at present, she has no funds in a bank account and owns no other assets, the Court cannot, at this time, determine whether she has sufficient funds to pay the required fees.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405 in fees or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:24-CV-6932 (LTS), and provide specific facts to establish that she is unable to pay the fees to bring this action. Plaintiff should fully and truthfully answer all of the questions in her amended IFP application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that her "allegation of poverty is untrue." § 1915(e)(2)(A).

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If she fails to comply with this order within the time allowed, the Court will dismiss this action.[1]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 23, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] Any previous grant of IFP status to Plaintiff by the court with respect to any of her other litigation in this court is irrelevant to the Court's determination as to whether to grant Plaintiff IFP status in this action.