UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELIA GRANADOS,

               Plaintiff,

-against-

ELIZABETH GALVIN, et al.,

               Defendants.

1:24-CV-6932 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 6, 2025, and entered one day later, on January 7, 2025, and by judgment dated and entered on January 7, 2025, the Court dismissed this *pro se* action without prejudice. (ECF 13 & 14.) On January 16, 2025, Plaintiff filed a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). (ECF 15.) On that same date, Plaintiff filed a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 16.)

      For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies her motion for leave to proceed IFP on appeal and her application to appeal IFP.

## DISCUSSION

**A.    Rule 4(a)(5) motion**

      A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A) ("Rule 4(a)(1)(A)"). The Clerk of Court entered the order and judgment dismissing this action on January 7, 2025. (ECF 13 & 14.) Thus, under Rule 4(a)(1)(A), Plaintiff had 30 days from January 7, 2025, or until

February 6, 2025, to file a timely notice of appeal. Because Plaintiff filed her notice of appeal on January 16, 2025 (ECF 16), her notice of appeal is timely. Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.    IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its January 6, 2025 order, and its January 7, 2025 judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 13, at 1; *see* ECF 14), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's abovementioned order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 15), as unnecessary because her notice of appeal (ECF 16) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and her application for leave to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 10, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge